FILED

99 JUN 11 PM 1:59

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

JUN 11 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| CURTIS SCOTT,  }  }<br>    Plaintiff,  }  }<br>v.  }  }<br>SUMMIT PHOTOGRAPHIX, INC., et }<br>al.,  }  }<br>    Defendants.  } | CIVIL ACTION NO.<br><br>99-AR-0934-M |

## MEMORANDUM OPINION

There are at least three reasons why the motion of Curtis Scott ("Scott"), plaintiff in the above-entitled cause, to remand the case to the Circuit Court of Etowah County Alabama should be granted. The facts that stand in the way of this court's removal jurisdiction are undisputed.

### Pertinent Facts

The complaint, as originally filed in the state court by Scott, a resident of Alabama, named two non-resident corporate defendants, Summit Photographix, Inc. ("Summit"), and Financial Freedom. These were the only two named defendants. Financial Freedom has never been served. Scott obtained a default judgment against Summit in the amount of $500,000. Summit moved to set that judgment aside. It did not remove the case to federal court within 30 days of the ostensible service on it of the original summons and

1

complaint (something it says was ineffectual), or within 30 days after it appeared for the purpose of attacking the judgment, asserting that it had been deprived of the right to present what it claims is a meritorious defense.  The state court denied Summit's post-judgment motion, whereupon Summit appealed to the Supreme Court of Alabama.  While Summit's said appeal was pending, Scott purported to amend his complaint in the Circuit Court of Etowah County to add five individual defendants, who, like Summit, are not Alabama residents.  Within 30 days from the date of service of the amended complaint on the first served new defendant, but more than one year after the original complaint had been filed in state court, all defendants except Financial Freedom filed in the United States District Court for the Northern District of Alabama a notice removing the case "from the Circuit Court of Etowah County."

The notice of removal, which was based on the complete diversity recognized by 28 U.S.C. §§ 1332 and 1441(a) as a ground for removal, did not purport to remove the case from the Supreme Court of Alabama, a court located in the territory covered by the Middle District of Alabama.  There is nothing in the record to reflect that the clerk of the Supreme Court was notified of the removal, but during oral argument in support of and in opposition to Scott's motion to remand, counsel for defendants assured the court that the Supreme Court of Alabama has been notified of the removal. Whether this notice to the Supreme Court was oral or in

2

writing was not stated.

## 28 U.S.C. §§ 1332 and 1446(b)
### (the one-year limitation)

A case pending in a state court for longer than one year cannot be removed to federal court on the basis of diversity of citizenship. 28 U.S.C. §§ 1332; 1446(b). The removing defendants here argue that the one-year rule does not apply when the case was initially removable. Before addressing the dilemma defendants have created for themselves, the court respectfully disagrees with defendants. This court believes that the 1988 amendment to § 1446 reflects Congressional intent to narrow federal jurisdiction over diversity cases, leaving to the state courts **all** diversity cases over one-year old, no matter what may have transpired during that one year and no matter what happens after that one year has elapsed. Although some courts leave the door open to removal more than one year after the filing of the original complaint if the case was not initially removable, the Eleventh Circuit, thus far, has not joined them. This court respectfully declines to follow the precedent cited by defendants at p. 9 of their brief, namely, *Brierly v. Alusuisse Flexible Packaging, Inc.*, 913 F.Supp. 517 (E.D. Ky. 1996). Defendants did not share with the court the fact, potentially helpful to them, that the Sixth Circuit, on March 12, 1999, affirmed the Eastern District of Kentucky. *See Brierly v. Alusuisse Flexible Packing, Inc.*, 170 F.3d 583 (6th Cir. 1999).

Unless and until the Eleventh Circuit both agrees with *Brierly*, and finds that *Brierly* applies to the instant fact and procedural situation, this court will construe § 1446(b) strictly against the removability of a diversity case after one year in the state court. There may be extraordinary, extenuating circumstances that would provide an exception to this rule, but no such circumstances are here present.

Defendants alternatively allege, largely by way of conclusion, that Scott intentionally undertook to deny them access to the federal courts and therefore is equitably estopped from interposing § 1446(b) as a defense to removal. At p.7 of their brief, defendants, in support of this proposition, quote from *Barnett v. Sylacauga Autoplex,* 973 F.Supp. 1358, 1367 (N.D. Ala. 1997), as follows:

> [T]he plaintiff's claims are in bad faith if by [his] actions [he] attempts to disguise the existence of removability of the case until the one year limitation had run

Assuming *arguendo* that a case not initially removable is exempt from the one year limitation on the removability of a case on the basis of diversity, and further assuming *arguendo* that the deliberate disguising of a basis for removability estops a plaintiff from invoking the one-year rule, **this case was initially removable on its face,** so that the points defendants attempt to make are moot. Scott made no attempt whatsoever to disguise the

4

obvious and admitted initial removability of this case.

### 28 U.S.C. § 1446(b)
### (the 30-day limitation)

A case must be removed within 30 days after any basis for removal jurisdiction first appears.  This 30-day removal period begins to run from the date the first defendant receives a copy of the complaint, that is, if the complaint reveals facts upon which removability can be discerned.  Even if Summit is correct in its assertion that it was not properly served and therefore was not alerted, at that moment, to its right and obligation to remove, it cannot say that it removed the case within 30 days of having written notice of facts upon which it could clearly see that diversity existed.  When it sought to have the judgment, based on the initial complaint, set aside, it necessarily knew that Scott, an Alabama resident, had a judgment against it, a non-resident, in excess of the $75,000 jurisdictional amount for removal based on diversity.  It **could** have, and, as it turns out, it **should** have, removed the case, if not within 30 days of the date upon which it was purportedly first served, then, within 30 days of its admittedly acquiring knowledge of the entry of default.  No matter which event triggered the 30-day period for removal, Summit failed to timely remove.

This court shares with the Fifth Circuit the belief that, absent intentional misconduct amounting to bad faith, there is a

single 30 day window for removal, starting with notice to the first notified defendant of facts upon which removability can reasonably be recognized. Defendants added after that window is closed are equally prevented from removing. The jurisdiction of federal courts, which are courts of limited jurisdiction in the federal system, is not ascertained by what is considered "fair" or "right", but by what the jurisdictional statutes, strictly construed, provide. See *Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir. 1986). One reason the Fifth Circuit is correct in *Demco* is that Summit's obligation to effect a removal within 30 days cannot be reconciled with the requirement of 28 U.S.C. § 1446(a) that **all** served defendants join in or consent to the removal. Summit now purports to join in a removal that it, itself, could easily have effected more than one year ago. Summit had its chance and did not take it. When it did not timely remove, the removal possibility was foreclosed, both for it and for later added defendants. This is what Congress had in mind.

Although there is some similarity between the problem inherent in the one year removal limitation in § 1446(b) and in the 30-day limitation also in § 1446(b), that is, for a defendant who is added after the expiration of the particular limitation, there was no excuse whatsoever for Summit's not having removed within the 30-day time period after removability appeared. Defendants' brief does not even attempt to provide an avenue of escape from the 30-day bar

6

on removability. Perhaps defendants were unaware of *Demco,* or perhaps they did not know that this court is a Fifth Circuit chauvinist.

### The Effect of the Appeal to the Supreme Court of Alabama

This court has never before seen, and never expects to see again, a removal to a federal court of a case from a state trial court after that case has reached final judgment there and has been appealed to the appropriate state appellate court, apparently lifting the jurisdiction of the state trial court. In order to obtain an effective removal, **the entire case** must be removed. It follows that if this court has any jurisdiction whatsoever, it has jurisdiction over the issues on appeal to the Supreme Court of Alabama. Not only is this court not set up to act as an appellate court in diversity cases, but this particular notice of removal did not even purport to remove the case from the Supreme Court of Alabama, which, for aught appearing, can proceed with Summit's appeal. Without having to decide the question, this court is of the distinct impression that the appeal to the Supreme Court of Alabama removed the jurisdiction of the Circuit Court of Etowah County, leaving that court no field of operation, except over the collection of an unsuperseded judgment. In other words, there is a serious question about whether Scott could do what he did when he purported to amend his complaint in the Circuit Court of Etowah County after appeal. Not only does this court lack the power to

review the state court's entry of default against Summit, but this court is not inclined to interfere with the jurisdiction of the Supreme Court of Alabama over a case properly before it, especially when 28 U.S.C. § 1441(a) provides:

> [A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, **to the district court of the United States for the district and division embracing the place where the action is pending**.

(emphasis supplied).

The Supreme Court of Alabama is located within the Middle District of Alabama. An appeal is nothing more than an action brought in the appellate court.

## Conclusion

For the foregoing separate and several reasons, plaintiff's motion to remand will be granted by separate order.

DONE this 11th day of June, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

8